| Information to identify the case: | | |
|---|---|---|
| Debtor | K Street, LLC<br>Name | EIN: 46–3717255 |
| United States Bankruptcy Court | United States Bankruptcy Court for the District of Columbia | Date case filed for chapter: 11  10/25/22 |
| Case number: | 22–00198–ELG | |

Official Form 309F1 (For Corporations or Partnerships)

# Notice of Chapter 11 Bankruptcy Case

10/22

**For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors and debtors, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at https://pacer.uscourts.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**Do not file this notice with any proof of claim or other filing in the case.**

| | | | |
|---|---|---|---|
| 1. | **Debtor's full name** | K Street, LLC | |
| 2. | **All other names used in the last 8 years** | | |
| 3. | **Address** | 1219 K Street, NE<br>Suite 110<br>Washington, DC 20002 | |
| 4. | **Debtor's attorney**<br>Name and address | John D. Burns<br>The Burns Law Firm, LLC<br>6303 Ivy Lane,<br>Suite 102<br>Greenbelt, MD 20770 | Contact phone (301) 441–8780<br><br>Email: info@burnsbankruptcyfirm.com |
| 5. | **Bankruptcy clerk's office**<br>Documents in this case may be filed at this address.<br>You may inspect all records filed in this case at this office or online at https://pacer.uscourts.gov. | E. Barrett Prettyman U. S. Courthouse<br>333 Constitution Ave, NW #1225<br>Washington, DC 20001 | Hours open:<br>9:00 am – 4:00 pm Monday to Friday<br><br>Contact phone (202) 354–3280<br><br>Date: 10/26/22 |
| 6. | **Meeting of creditors**<br>The debtor's representative must attend the meeting to be questioned under oath.<br>Creditors may attend, but are not required to do so. | **December 1, 2022 at 11:00 AM**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | Location:<br><br>**Telephone #: (877) 465–7076,<br>Passcode: 7191296** |
| | At the meeting, the Trustee may give notice of their intention to abandon property burdensome or of inconsequential value or intent to sell nonexempt property that has an aggregate gross value less than $2,500. Objections thereto must be filed pursuant to Local Bankruptcy Rule 6007–1. | | |

**For more information, see page 2 >**

| Debtor | K Street, LLC | Case number | **22–00198–ELG** |
|---|---|---|---|

| | | |
|---|---|---|
| **7. Proof of claim deadline** | **Deadline for filing proof of claim:** | |
| | **For all creditors (except a governmental unit):** | 3/11/23 |
| | **For a governmental unit:** | 4/23/23 |
| | A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office. | |
| | Your claim will be allowed in the amount scheduled unless:<br>• your claim is designated as *disputed*, *contingent*, or *unliquidated*;<br>• you file a proof of claim in a different amount; or<br>• you receive another notice. | |
| | If your claim is not scheduled or if your claim is designated as *disputed*, *contingent*, or *unliquidated*, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled. | |
| | You may review the schedules at the bankruptcy clerk's office or online at https://pacer.uscourts.gov. | |
| | Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | |
| **8. Exception to discharge deadline**<br>The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline. | If § 523(c) applies to your claim and you seek to have it excepted from discharge, you must start a judicial proceeding by filing a complaint by the deadline stated below.<br>**Deadline for filing the complaint:** | 1/30/23 |
| **9. Creditors with a foreign address** | If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| **10. Filing a Chapter 11 bankruptcy case** | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business. | |
| **11. Discharge of debts** | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge and § 523(c) applies to your claim, you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline. | |

## BANKRUPTCY INFORMATION SHEET

**BANKRUPTCY LAW IS A FEDERAL LAW. THIS SHEET PROVIDES YOU WITH GENERAL INFORMATION ABOUT WHAT HAPPENS IN A BANKRUPTCY CASE. THE INFORMATION HERE IS NOT COMPLETE. YOU MAY NEED LEGAL ADVICE.**

### WHEN YOU FILE BANKRUPTCY

You can choose the kind of bankruptcy that best meets your needs (provided you meet certain qualifications):

Chapter 7 – A trustee is appointed to take over your property. Any property of value will be sold or turned into money to pay your creditors. You may be able to keep some personal items and possibly real estate depending on the law of the State where you live and applicable federal laws.

Chapter 13 – You can usually keep your property, but you must earn wages or have some other source of regular income and you must agree to pay part of your income to your creditors. The court must approve your repayment plan and your budget. A trustee is appointed and will collect the payments from you, pay your creditors, and make sure you live up to the terms of your repayment plan.

Chapter 12 – Like chapter 13, but it is only for family farmers and family fishermen.

Chapter 11 – This is used mostly by businesses. In chapter 11, you may continue to operate your business, but your creditors and the court must approve a plan to repay your debts. There is no trustee unless the judge decides that one is necessary; if a trustee is appointed, the trustee takes control of your business and property.

If you have already filed bankruptcy under chapter 7, you may be able to change your case to another chapter.

Your bankruptcy may be reported on your credit record for as long as ten years. It can affect your ability to receive credit in the future.

### WHAT IS A BANKRUPTCY DISCHARGE AND HOW DOES IT OPERATE?

One of the reasons people file bankruptcy is to get a "discharge." A discharge is a court order which states that you do not have to pay most of your debts. Some debts cannot be discharged. For example, you cannot discharge debts for most
  – taxes;
  – child support;
  – alimony;
  – most student loans;
  – court fines and criminal restitution; and
  – personal injury caused by driving drunk or under the influence of drugs.

The discharge only applies to debts that arose before the date you filed. Also, if the judge finds that you received money or property by fraud, that debt may not be discharged.

It is important to list all your property and debts in your bankruptcy schedules. If you do not list a debt, for example, it is possible the debt will not be discharged. The judge can also deny your discharge if you do something dishonest in connection with your bankruptcy case, such as destroy or hide property, falsify records, or lie, or if you disobey a court order.

You can only receive a chapter 7 discharge once every eight years. Other rules may apply if you previously received a discharge in a chapter 13 case. No one can make you pay a debt that has been discharged, but you can voluntarily pay any debt you wish to pay. You do not have to sign a reaffirmation agreement (see below) or any other kind of document to do this.

Some creditors hold a secured claim (for example, the bank that holds the mortgage on your house or the loan company that has a lien on your car). You do not have to pay a secured claim if the debt is discharged, but the creditor can still take the property.

**WHAT IS A REAFFIRMATION AGREEMENT?**

Even if a debt can be discharged, you may have special reasons why you want to promise to pay it. For example, you may want to work out a plan with the bank to keep your car. To promise to pay that debt, you must sign and file a reaffirmation agreement with the court. Reaffirmation agreements are under special rules and are voluntary. They are not required by bankruptcy law or by any other law. Reaffirmation agreements–

- must be voluntary;
- must not place too heavy a burden on you or your family;
- must be in your best interest; and
- can be canceled any time before the court issues your discharge or within 60 days after the agreement is filed with the court, whichever gives you the most time.

If you are an individual and you are not represented by an attorney, the court must hold a hearing to decide whether to approve the reaffirmation agreement. The agreement will not be legally binding until the court approves it.

If you reaffirm a debt and then fail to pay it, you owe the debt the same as though there was no bankruptcy. The debt will not be discharged, and the creditor can take action to recover any property on which it has a lien or mortgage. The creditor can also take legal action to recover a judgment against you.

**IF YOU WANT MORE INFORMATION OR HAVE ANY QUESTIONS ABOUT HOW THE BANKRUPTCY LAWS AFFECT YOU, YOU MAY NEED LEGAL ADVICE. THE TRUSTEE IN YOUR CASE IS NOT RESPONSIBLE FOR GIVING YOU LEGAL ADVICE.**

*Text Revised 10/05*

## **NOTICE FROM THE OFFICE OF THE UNITED STATES TRUSTEE**

## **INSTRUCTIONS AND INFORMATION FOR PARTICIPATION IN TELEPHONIC SECTION 341 MEETINGS IN THE DISTRICT OF COLUMBIA**

Because of developing issues with the COVID−19 virus and the national declaration of emergency by the President of the United States, all §341 Meetings of Creditors ("Meetings") will be conducted remotely. The information to participate in §341 Meeting of Creditors ("Meeting") is set forth below. All parties are encouraged to contact the case trustee or check the docket for up−to−date information.

**The guiding principle to this procedure is to avoid in−person contact, both during the Meetings and in preparation for the Meetings, even if that means that Meetings cannot be concluded because certain documents have to be provided at a later time.**

### **Zoom Instructions:**

- By Video: Five minutes before the scheduled time, go to: zoom.us/join and enter the Zoom ID and password listed next to the presiding trustee. Wait in the waiting room until you are brought into the conference. Mute your mic until your case is called.

- By Telephone: Five minutes before the scheduled time, dial (301) 715−8592 and enter the Zoom ID and password listed below next to the presiding trustee. Place your phone on mute until your case is called.

### **Telephonic Instructions:**

- Five minutes before the scheduled time, dial the call−in number and enter the passcode listed below next to the presiding trustee. Place your phone on mute until your case is called.

### **Conference Guidelines:**

1. Attend from a quiet area where there is as little background noise as possible.
2. As more than one Meeting will be held during this period, listen for your case to be called. When your case is called, unmute and identify yourself.
3. Please do not speak while the trustee is talking.
4. If any party is attending the Meeting from the same location as another party, which is discouraged, except for persons who live in the same household, use separate devices to participate.
5. Once the Meeting is finished, hang up or disconnect.
6. If you become disconnected before your Meeting is finished, call back.
7. If you are participating by phone:
    a. When speaking during your case, identify yourself.
    b. You must use a touch−tone phone to participate. A landline is preferred, do not use a speakerphone.
    c. Do not put the phone on hold at any time after the call is connected.
8. ***No Recording***: The Meetings will be recorded by the trustee or United States Trustee. Any other recordings are prohibited by law.

**Bankruptcy Documents:** Subject to the guiding principle of avoiding in−person contact, Debtors should be prepared and have in front of them copies of documents on which they can reasonably expect to be examined (petition, schedules, statement of financial affairs, tax returns, etc.) or any documents the trustee has indicated in advance that debtors should have available for questioning. Documents should be provided to the trustee according to normal requirements when possible.

**Debtor Identification:** Debtors should provide copies of their photo identification and proof of Social Security number to the presiding trustee at least 5 days prior to the Meeting. Copies may be provided through debtor's counsel or directly to the presiding trustee if unrepresented. If such proof has not been provided, the 341 meeting will be held as scheduled, but will not be concluded until the trustee has received proof of identification. You will receive more specific instructions prior to your Meeting. Debtor's counsel must verify on the record that they have confirmed their

client's identity prior to the Meeting.

| District of Columbia Meetings ||||| 
|---|---|---|---|---|
| *Chapter* | *Trustee* | *Instructions* | *Meeting Contact* | *Meeting Code* |
| 11 | U.S. Trustee | Telephonic | Call: (877)–465–7076 | Passcode: 7191296#[1] |
| 7 | William D. White | Telephonic | Call: (877)–952–6167 | Passcode: 7604886# |
| 7 | Marc E. Albert | Zoom | Zoom ID: 956–6315–8549 | Passcode: 344929[2] |
| 7 | Bryan S. Ross | Zoom | Zoom ID: 378–279–2702 | Passcode: 1776 |
| 7 | Wendell Webster | Zoom | Zoom ID: 665–536–6946 | Passcode: 351580 |
| 13 | Rebecca Herr | Zoom | Zoom ID: 928–206–6146 | Passcode: 132613 |

[1] If you would like to participate in the TEAMS/Video conference for Chapter 11 341 Hearings, please e–mail USTPRegion04.DC.ECF@USDOJ.GOV for the meeting information.

[2] On 09/08/2022 the Zoom ID and Password for Marc Albert were changed.