John D. Burns, Esquire
6303 Ivy Lane; STE 102
Greenbelt, MD 20770
301/441/8780
301/441/9472
info@burnsbankruptcyfirm.com

## THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLUMBIA

In re:                                            *

**K STREET, LLC**                                 Case No.  22-00198-ELG
                                                  *   Chapter 11

    Debtor                      *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### LIMITED OBJECTION TO MOTION FOR RULE 2004(b)
### EXAMINATION OF THE DEBTOR

K STREET, LLC (the "Debtor"), debtor and debtor-in-possession, by and through its undersigned counsel, hereby files this Limited Objection to Motion for Rule 2004(b) Examination of the Debtor (the "Objection"), in support thereof, states as follows:

### FACTUAL STATEMENT:

On October 25, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code, 2005 as amended (the "Code"). The Debtor intends to continue in possession of its properties and the management of its business as a Debtor-in-Possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

The Debtor is a District of Columbia limited liability company, with its principal place of business located at 1219 K Street, NE; Washington DC  20002 (the "Property") also known colloquially as the "Havana Apartments".  The Debtor conducts business from the Property Suite 110 therein.

1

WesBanco Bank, Inc. (the "Bank") alleges it is a secured lender under a First Deed of Trust Promissory Note dated June 25, 2018, or at least has financial obligations from the Debtor received by assignment or otherwise from Old Line Bank.

The Bank has filed a Motion for Rule 2004(b) Examination of the Debtor (the "2004(b) Motion") against the Debtor on October 28, 2022.  The 2004(b) Motion requests significant documentation from the Debtor and relating to the property of the Debtor or property of the estate.  Much of the 2004(b) Motion is not objectionable as it relates to the Debtor or such property; however, there are specific and limited objections posited below involving third parties or the time frame at issue under which the 2004(b) Motion is premised.

The scope of this examination is an "<u>examination of an entity under this rule or of the debtor under §343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge</u>." Fed. R. Bankr. P. 2004(b) (emphasis supplied).

It is not disputed that "Rule 2004 necessarily permits a broad investigation into the financial affairs of debtors to assure the proper administration of bankruptcy estates. … Its obvious purposes are the discovery of assets of the estate and the exposure of fraudulent conduct." *In re Symington*, 209 B.R. 678, 684 (Bankr. Md. 1997) (citations omitted)  However, its scope is not limitless and "the scope of a Rule 2004 examination is at least as broad as discovery under the Federal Rules of Civil Procedure and subject to the same limitations." *Id* at 685.

To wit; "a Rule 2004 examination must be both relevant and reasonable. *Snyder v. Society Bank*, 181 B.R. 40 (S.D.Tex.1994), *aff'd* 52 F.3d 1067 (5th Cir.1995); *In re Table*

*Talk, Inc.*, 51 B.R. 143 (Bankr.D.Mass.1985); *In re Mittco, Inc.*, 44 B.R. 35 (Bankr.E.D.Wis.1984); *Keene Corp. v. Johns-Manville Corp. (In re Johns-Manville Corp.),* 42 B.R. 362 (S.D.N.Y.1984). *Symington*, 209 B.R. at 684.

Stated more plainly, a "Rule 2004 examinations may not be used to annoy, embarrass or oppress the party being examined." *Id*. Accordingly, "[t]he granting of protective orders to limit Rule 2004 examinations 'for good cause shown' as provided in Federal Rule of Civil Procedure 26(c) appears to be a matter of historical application." *In re Symington*, 209 B.R. at 689 (Bankr. Md. 1997) "Good cause shown" does not entail a limitless bounty of discovery rights for the movant, but is confined to the scope of Rule 2004(b).

Similarly "fishing expeditions" as they have been called are truncated and disallowed *to the extent they call for discovery into third parties,* rather than relating "only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b) (emphasis supplied)

Thus, third party discovery under Rule 2004(b) is not permitted without limitations:

> As for movants' desire to identify third parties who may also be liable to them, that, quite simply, is neither this court's concern nor the purpose of Rule 2004. *Cf., In re Doctors Hospital of Hyde Park, Inc.*, 308 B.R. 311, 317-18 (Bankr.N.D.Ill.2004) (bankruptcy court has no jurisdiction over creditor's action to collect from third parties). No matter how artfully one tries to disguise the requested examinations, by dressing them up in the robes of bankruptcy administration, their real purpose is to identify another entity movants might be able to collect from, and whether those efforts would have any impact on the bankruptcy estate is of no real concern to them. Movants understandably want to their money, but that does not justify turning a tool that has been developed to efficiently administer bankruptcy estates into a private collection device for creditors.

3

> Movants have other tools and other fora which they can use to investigate their rights against third parties and to collect the amounts they are owed. They should use them and not Rule 2004.

*In re J & R Trucking, Inc.*, 431 B.R. 818, 822-823 (Bankr. N.D. Ind. 2010)

Stated otherwise, "whether or not the court allows the examination is a matter committed to its discretion, *See, Norton Bankruptcy Rules*, 2009-10 ed., Rule 2004 ed. comment (c), pp. 136-37 (Creditors do not have an absolute right to conduct examinations under rule 2004 'which provides that the court 'may order' an examination. One can readily visualize a situation where creditors may want to use this section to deal with their special problems and use the section as a substitute for discovery.)." *In re J & R Trucking, Inc.*, 431 B.R. 818, 821 (Bankr. N.D. Ind. 2010)

The Debtor and the Bank's counsel have conferred this morning on discovery objections and as of the date and time of this filing have not arrived at a consensual Stipulation and Order; however, that may change in the coming few days as discussions ensue further.

## **OBJECTIONS:**

The Debtor would pose the following Objections to the 2004(b) Motion associated requests for documents and any ensuing scope of deposition of the Debtor by its principal, Habte Sequar:

1. Debtor's Federal and State income tax returns for tax years 2020 and 2021, including all schedules, exhibits and attachments thereto. If the Debtor is not required to file a Federal or State income tax return, provide the Schedule C filed along with the member(s) income tax return.

**Objection**: Redactions to income tax return content for Mr. Sequar's tax returns other than from K Street, LLC. No objection to any 1120S or other K Street, LLC tax filings as requested if they exist or any specific entries on Mr. Sequar's tax returns for K Street, LLC income.

2. All income statements, balance sheets, profit and loss statements, and other similar statements for each month during the Production Period.

4

**Objection**: No entity or person identified. No objection if delimited to K Street, LLC as to debtor or property of the debtor.

3. All Documents, statements, records, reports or other Communications evidencing rental income received by the Debtor from any source, including the District of Columbia, during the Production Period.

**Objection**: The Production Period.

4. All Documents, statements, records, reports or other Communications which evidence, reflect, relate, or refer to any income (other than rental income) received by the Debtor during the Production Period.

**Objection:** The Production Period.

5. Copies of all contracts, consulting agreements, management agreements or any similar documents between You and any other Person Referring to or Relating to the Property, including, without limitation, any Documents and Communications Relating to the Management Fee reflected on the cash collateral budget.

**No Objection**.

6. All Documents, statements, records, reports, cancelled checks or other Communications evidencing the date, amount and payee of any management fee during the Production Period.

**Objection**: The Production Period.

7. All Documents, statements, records, reports, cancelled checks or other Communications evidencing any and all payments, reimbursement, fees, compensation or any other income paid to, or on behalf of Habte Sequar, or any entity that he owns or controls, during the Production Period.

**Objection.** Mr. Sequar may have multiple sources of income and he is not the Debtor herein. No objection as to any payments, reimbursement, fees, payable to Mr. Sequar by the Debtor.

8. Rent Rolls for each month for the period of June 15, 2018 to the Present.

**Objection**: The Production Period.

9. All bank statements, cancelled checks, wire transfer requests, withdrawal slips or similar Documents pertaining to any account (bank, credit union, investment or any other similar depository account) with respect to which the Debtor had the power to make deposits or withdrawals during the Production Period.

**Objection:**  No Objection if limited to Debtor and property of the Debtor and estate and an adjustment of the Production Period.

10. All bank statements, cancelled checks, wire transfer requests or similar
Documents evidencing any payments made by any other Person or entity for the benefit of the Debtor.

**Objection:**  No Objection if limited to Debtor and property of the Debtor and estate and a time limit.

11. Copies of all offers, letters of intent, purchase agreements, contract of sale
or any other expression of interest in the Property.

**Objection.**   No objection as to any *present* contract of sale, all prior and current negotiations with third parties excluded. No contract of sale exists presently.

12. Copies of any all violations received by You relating to or referring to the Property.

**Objection.**   Time frame, presently existing not objectionable.  Prior that were cured or which are no longer open and germane, objection.

13. A schedule of any and all account receivables, including past due rent,
owed to You by any Person, including, without limitation, the District of Columbia.

**Objection:**  No objection to the Debtor only and time frame.

14. Any and all documents received by You from any governmental agency
referring or relating to the condition, habitability or safety of the Property.

**Objection:**  No objection to the Debtor only and time frame.

15. Copies of all residential and non-residential leases referring or relating to
the Property, including tenant leases.

**Objection:**  No objection to the Debtor and current time frame for rent roll. Objection to third party leases which may contain third party private information.

16. Copies of all Documents and Communications reflecting or referring to
any outstanding taxes on account of real estate taxes, personal property taxes, income taxes, withholding taxes or any other tax, currently due, assessed, threatened, or otherwise asserted against the Debtor.

**Objection:**  No objection to the Debtor and current time frame for taxes owed.  Historical taxes "otherwise" asserted against the Debtor are objected to if paid.

17. Any and all Documents evidencing, referring or relating to any loans

6

sought and/or obtained by the Debtor, including loan applications, promissory notes or similar Documents.

**Objection:**  No objection to time frame of present.

Debtor further Objects that Debtor and Bank reserve all rights under Fed. R. Bankr. P. 45, 26, 30, 34, and documents should be produced with a response preserving any objections 30 days from any Order on this contested matter, with an oral examination scheduled at the availability of the parties and counsel following production.  There is a significant production requested hereby and time should be afforded to the Debtor at least up to the period for response required by Fed. R. Civ. P. 34(b).  Debtor stipulates that the production Period would be up to 4 years from the Petition Date pursuant to the expiration date under D.C. Code § 28-3109.

WHEREFORE, the Bankruptcy Court should DENY the 2004(b) Motion filed by the Bank to the extent inconsistent with the objections set forth herein and grant such other and further relief as equity and justice may require to be afforded to the Debtor.

We ask for this:

    Respectfully Submitted,
    --------/S/ John D. Burns--------------

    _____
    John D. Burns, Esquire (#464194)
    The Burns LawFirm, LLC
    6303 Ivy Lane; Suite 102
    Greenbelt, Maryland 20770
    (301) 441-8780
    Counsel for Debtor
    info@burnsbankruptcyfirm.com

## CERTIFICATE OF SERVICE

      I hereby certify that on this 3rd day of November, 2022, a copy of the foregoing Response was served via first-class mail, postage prepaid, or by ECF on registered users, or by other means, upon:

**VIA ECF:**
cpalik@mhlawyers.com
Attorneys for WesBanco Bank

Office of the United States Trustee
1725 Duke Street
Suite 650
Alexandria, VA 22314

All ECF Recipients

      --------------/S/ John D. Burns--------------
_____

John D. Burns