John D. Burns, Esquire
6303 Ivy Lane; STE 102
Greenbelt, MD 20770
301/441/8780
301/441/9472
info@burnsbankruptcyfirm.com

## THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLUMBIA

**In re:**

**K STREET, LLC**      *      Case No. 22-00198-ELG
                      *      Chapter 11

   **Debtor**          *

*   *   *   *   *   *   *   *   *   *   *   *   *

### APPLICATION TO EMPLOY COUNSEL FOR THE DEBTOR

K STREET, LLC (the "Debtor(s)") by and through John D. Burns, Esquire and The Burns Law Firm, LLC hereby files this Application to Employ Counsel for the Debtor (the "Application"), and states as follows:

### FACTUAL STATEMENT:

1.  On or about October 25, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code of 2005, as amended (the "Code").

2.  The Debtor has remained in possession of his property and property of the estate as debtor in possession under Sections 1106-1107 of the Code. The Debtor serves as trustee in this Chapter 11 case. The Debtor is a District of Columbia limited liability company, with its principal place of business located at 1219 K Street, NE; Washington DC 20002 (the "Property") also known colloquially as the "Havana Apartments". The Debtor conducts business

from the Property Suite 110 therein.  The business is residential leasing.

3.     The Debtor has selected John D. Burns, Esquire and The Burns LawFirm, LLC (the "Firm" or "Mr. Burns") for the reason that the Firm has had considerable experience in business and Chapter 11 bankruptcy matters and the Debtor believes that Mr. Burns and The Burns LawFirm, LLC are well qualified to represent the Debtor in this proceeding.

4.     Specifically, Mr. Burns is the Managing Member of The Burns LawFirm, LLC and has performed services in the bankruptcy arena since his Judicial Clerkship for the United States Bankruptcy Court for the District of Maryland 1991, over 30 years ago.  Mr. Burns has served as the National Chair of the American Bar Association/YLD Bankruptcy Laws Committee between 1998-2000.  He has also served as Bankruptcy Chair of various County and local bar associations, including Anne Arundel County, Prince George's County, and Howard County.  He has served as both a Board Member to the Bankruptcy Bar Association of Maryland, and was the Divisional-Assistant Chair for Greenbelt in that organization.  Mr. Burns regularly provides practical and insightful seminars on bankruptcy law and practice, previously under MICPEL, and now under similar organizations.  Mr. Burns was a member of the National Association of Consumer Bankruptcy Attorneys, aiding in the development of Title 11 law as it affects debtors in that arena as well.   Additionally, Mr. Burns has successfully aided in the successful confirmation of prior Chapter 11 plans of reorganization in the United States Bankruptcy Courts.

5.     The professional services the said law firm is to render include:

    (a)    Providing the Debtor with legal advice concerning their powers and duties as Debtor-in-possession, and assist from a bankruptcy necessity any ancillary litigation ongoing with the Debtor;

    (b)    Preparation of, as necessary, applications, answers, orders, reports and other legal papers, to be filed by the Debtor;

    (c)    Filing and prosecution of adversary proceedings against necessary parties adverse to the Debtor or their estate;

    (d)    Preparation of any disclosure statement or plan of reorganization;

    (e)    Performance of Chapter 11 services for the Debtor and the estate which may be necessary herein, with the exception of monthly operating reports for which the Debtor shall either employ an accountant on separate Court Order, or prepare and file same on their own initiative; and

    (f)    Such matters as may be necessary or appropriate to the foregoing although not specifically recited herein.

6.    To the best of the Debtor's knowledge, except as noted below, said attorney and said Firm are "disinterested person" as that term is defined 11 U.S.C. § 101(14). Mr. Burns and The Burns LawFirm, LLC have no connection with the United States Trustee, the creditors herein, or any person employed by the United States Trustee other than as specified herein or in the Rule 2014 verified statement contained herewith. Additionally, Mr. Burns and The Burns LawFirm, LLC do not represent any interests adverse to the estate.

7.    As noted, the Burns LawFirm, LLC has agreed to an hourly retainer and monthly or periodical bills are presented and retainers will be provided to the Firm less agreed discounts which are being held in escrow and are disclosed as required pursuant to Fed. R. Bankr. P. 2016(b). The initial Rule 2016(b) filing [Dkt. 3] is incorporated hereto as a matter of docket reflecting fees and costs advanced by retainer to the Firm. The Firm also incorporates its contemporaneously filed Verified Statement pursuant to Fed. R. Bankr. P. 2014 hereto as **Exhibit 1**.

8.    The Firm charges at this time $495.00 per hour for partner time; $355,00 per

3

hour for associate attorney time; and $295.00 per hour for paralegal time. Costs are billed at actual as they are incurred. Given the Debtor's difficult understanding of the financial situation in which it finds himself and the multi-faceted litigation which accompanies this case from both a land lessor and WesBanco Bank, the Debtor's alleged primary secured creditor, the services and likely scope of disputes necessary to move this case along to conclusion will involve counsel in an intensive variety of ways.

        9.       Both The Burns LawFirm, LLC and the Debtor understand that no post-petition fees may be paid to The Burns LawFirm, LLC from property of the estate without prior approval and/or Order of the Bankruptcy Court (however, a fee application is required whether the case is dismissed or otherwise finalized). However, the Firm may receive periodic retainers consistent with its employment agreement, estimated presently at $3,000.00 per month which retainers need be disclosed within 14 days of receipt, with the understanding that such retainers may only be earned upon entry of an Order of the Court.

        11.      The Firm consents to the entry of final Orders by the Bankruptcy Court in respect hereof. No memorandum accompanies this Application.

        WHEREFORE, the Debtor requests that this Honorable Court enter an Order that:

        (i)      Authorizes the employment of John D. Burns, Esquire and The Burns LawFirm, LLC to represent the Debtor in this case under Chapter 11 of the Bankruptcy Code; and

        (ii)     Grants such other relief as equity and justice may require.

We ask for this:

                              Respectfully Submitted,
                              -------/S/ John D. Burns---------
                              _____

                              John D. Burns, Esquire
                              The Burns LawFirm, LLC

6303 Ivy Lane; Suite 102
Greenbelt, Maryland 20770
(301) 441-8780
info@burnsbankruptcyfirm.com
Counsel for the Debtor

5

## CERTIFICATE OF SERVICE

     I hereby certify that on this 3rd day of November, 2022, a copy of the foregoing Debtor's Application, with an affidavit of Counsel and a proposed form of Order, was served via first-class mail, postage prepaid, or by ECF, upon:

**VIA ECF:**
sgoldberg@mhlawyers.com
cpalik@mhlawyers.com
Attorneys for WesBanco Bank

Office of the United States Trustee
1725 Duke Street
Suite 650
Alexandria, VA 22314

Jeff Carruth Counsel for K Street I, LLC (Ground Lessor)
**E-mail: jcarruth@wkpz.com**

All ECF Recipients

**VIA MAIL:**
(And the Attached Matrix of Parties in Interest)

          -----/S/ John D. Burns---------
          _____
          John D. Burns