**THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLUMBIA**

**In re:**

**K STREET, LLC**   Case No.  22-00198-ELG
   Chapter 11

   **Debtor**

* * * * * * * * * * * * *

**<u>VERIFIED RULE 2014 STATEMENT; RE - APPLICATION TO EMPLOY COUNSEL
FOR THE DEBTOR</u>**

I, John D. Burns, Esquire, being over the age of 18 years and otherwise competent to testify, hereby do depose and swear under the penalties of perjury as follows:

1. I am an attorney licensed to practice in the State of Maryland.

2. I am an attorney and the Managing Member at the law firm of The Burns LawFirm, LLC with my principal office located at 6303 Ivy Lane; Suite 102, Greenbelt, MD  20770.  I have been admitted the Maryland Federal Court for approximately 30 years.  I have been admitted in the D.C. Federal Court for approximately 20 years.

3. My law firm has no connection with the Debtor, its principals, the Debtor's' creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, other than as disclosed herein or in the the Application to employ this law firm or the Rule 2016(b) statement(s) filed by the law firm, and such filings are adopted hereto by reference. the undersigned has customary connections to the Court, staff and UST attorneys and staff and opposing counsel representing WesBanco on an acquaintance basis as would anyone who practices law. The law firm was paid its initial retainer from Mahar Sequar, who is the brother of the Debtor's management member Habte Sequar by gift, and the payor is not a creditor of the Debtor.  Pursuant to Local Rule 2014-1 there is no guaranty and there is no relationship between the law firm and the payor, the undersigned never having met Mahar Sequar.  The undersigned has budgeted a $3,000.00 recurring monthly retainer from the Debtor, which is anticipated to be paid as a carve out from the cash collateral motion forthcoming; however, the undersigned has the ability to increase the necessary retainer at any time based on then present circumstances and to request third party payment of a retainer from Mahar Sequar or whomever the Debtor may wish to obtain a gift of funds. That will be set forth on any subsequent Rule 2016(b) filing by the law firm.

4. Based upon the foregoing, the firm represents no interest adverse to the Debtor-in Possession herein, or its estate in the matters upon which it is engaged. The firm believes it is disinterested in these proceedings, and if there is a connection that somehow in some academic way that exists under the very broad parameters of the statute it is not sufficient to render the undersigned disinterested.

            I HEREBY CERTIFY UNDER THE PENALTY OF PERJURY PURSUANT TO 28 U.S.C. § 1746 THAT THE FOREGOING IS TRUE AND CORRECT.

                                                ------------/s/John D. Burns-----
                                                _____
Dated: November 3, 2022                 John D. Burns, Esquire (#22777)