John D. Burns, Esquire
6303 Ivy Lane; STE 102
Greenbelt, MD 20770
301/441/8780
301/441/9472
info@burnsbankruptcyfirm.com

## THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLUMBIA

In re:                                          *

K STREET, LLC                                   Case No.  22-00198-ELG
                                                *   Chapter 11

    Debtor                            *

*    *    *    *    *    *    *    *    *    *    *    *    *

### LIMITED OBJECTION TO MOTION FOR RULE 2004(b) EXAMINATION OF CAPITAL BANK

      K STREET, LLC (the "Debtor"), debtor and debtor-in-possession, by and through its undersigned counsel, hereby files this Limited Objection to Motion for Rule 2004(b) Examination of Capital Bank (the "Objection"), in support thereof, states as follows:

### FACTUAL STATEMENT:

      On October 25, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code, 2005 as amended (the "Code"). The Debtor intends to continue in possession of its properties and the management of its business as a Debtor-in-Possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

      The Debtor is a District of Columbia limited liability company, with its principal place of business located at 1219 K Street, NE; Washington DC  20002 (the "Property") also known colloquially as the "Havana Apartments".  The Debtor conducts business from the Property Suite 110 therein.

1

WesBanco Bank, Inc. (the "Bank") alleges it is a secured lender under a First Deed of Trust Promissory Note dated June 25, 2018, or at least has financial obligations from the Debtor received by assignment or otherwise from Old Line Bank.

The Bank has filed a Motion for Rule 2004(b) Examination of Capital Bank (the "C.B. 2004(b) Motion") on October 28, 2022. The C.B. 2004(b) Motion requests targeted documentation from Capital Bank some of which relates to the Debtor and relating to the property of the Debtor or property of the estate, and some of which relates only without restriction to one or more third parties. Much of the C.B. 2004(b) Motion is not objectionable as it relates to the Debtor or such property; however, there are specific and limited objections posited below involving third parties or the time frame at issue under which the C.B. 2004(b) Motion is premised.

The scope of this examination is an "<u>examination of an entity under this rule or of the debtor under §343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge</u>." Fed. R. Bankr. P. 2004(b) (emphasis supplied).

It is not disputed that "Rule 2004 necessarily permits a broad investigation into the financial affairs of debtors to assure the proper administration of bankruptcy estates. … Its obvious purposes are the discovery of assets of the estate and the exposure of fraudulent conduct." *In re Symington*, 209 B.R. 678, 684 (Bankr. Md. 1997) (citations omitted) However, its scope is not limitless and "the scope of a Rule 2004 examination is at least as broad as discovery under the Federal Rules of Civil Procedure and subject to the same limitations." *Id* at 685.

To wit; "a Rule 2004 examination must be both relevant and reasonable. *Snyder v. Society Bank*, 181 B.R. 40 (S.D.Tex.1994), *aff'd* 52 F.3d 1067 (5th Cir.1995); *In re Table Talk, Inc.*, 51 B.R. 143 (Bankr.D.Mass.1985); *In re Mittco, Inc.*, 44 B.R. 35 (Bankr.E.D.Wis.1984); *Keene Corp. v. Johns-Manville Corp. (In re Johns-Manville Corp.),* 42 B.R. 362 (S.D.N.Y.1984). *Symington*, 209 B.R. at 684.

Stated more plainly, a "Rule 2004 examinations may not be used to annoy, embarrass or oppress the party being examined." *Id*. Accordingly, "[t]he granting of protective orders to limit Rule 2004 examinations 'for good cause shown' as provided in Federal Rule of Civil Procedure 26(c) appears to be a matter of historical application." *In re Symington*, 209 B.R. at 689 (Bankr. Md. 1997) "Good cause shown" does not entail a limitless bounty of discovery rights for the movant, but is confined to the scope of Rule 2004(b).

Similarly "fishing expeditions" as they have been called are truncated and disallowed *to the extent they call for discovery into third parties,* rather than relating "only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b) (emphasis supplied)

Thus, third party discovery under Rule 2004(b) is not permitted without limitations:

> As for movants' desire to identify third parties who may also be liable to them, that, quite simply, is neither this court's concern nor the purpose of Rule 2004. *Cf., In re Doctors Hospital of Hyde Park, Inc.*, 308 B.R. 311, 317-18 (Bankr.N.D.Ill.2004) (bankruptcy court has no jurisdiction over creditor's action to collect from third parties). No matter how artfully one tries to disguise the requested examinations, by dressing them up in the robes of bankruptcy administration, their real purpose is to identify another entity movants might be able to collect from, and whether those efforts would have any impact on the

> bankruptcy estate is of no real concern to them. Movants understandably want to their money, but that does not justify turning a tool that has been developed to efficiently administer bankruptcy estates into a private collection device for creditors. Movants have other tools and other fora which they can use to investigate their rights against third parties and to collect the amounts they are owed. They should use them and not Rule 2004.

*In re J & R Trucking, Inc.*, 431 B.R. 818, 822-823 (Bankr. N.D. Ind. 2010)

Stated otherwise, "whether or not the court allows the examination is a matter committed to its discretion, *See, Norton Bankruptcy Rules*, 2009-10 ed., Rule 2004 ed. comment (c), pp. 136-37 (Creditors do not have an absolute right to conduct examinations under rule 2004 'which provides that the court 'may order' an examination. One can readily visualize a situation where creditors may want to use this section to deal with their special problems and use the section as a substitute for discovery.)." *In re J & R Trucking, Inc.*, 431 B.R. 818, 821 (Bankr. N.D. Ind. 2010)

The Debtor and the Bank's counsel have conferred yesterday morning and afternoon on discovery objections and as of the date and time of this filing have not arrived at a consensual Stipulation and Order; however, that may change in the coming few days as discussions ensue further.

## **OBJECTIONS:**

The Debtor would pose the following Objections to the C.B. 2004(b) Motion associated requests for documents:

1. Any and all cancelled checks, bank statements, wire transfer requests, withdrawal slips or similar documents pertaining to any account (bank, investment or any other similar depository account) titled, individually or jointly, in the name of K Street, LLC.

**Objection**:  No Objection as to Debtor, but objection asserted as to any third parties, jointly or severally.  Cap on production prior to four years from petition date.  Debtor stipulates that the

production Period would be up to 4 years from the Petition Date pursuant to the expiration date under D.C. Code § 28-3109.

2. Any and all cancelled checks, bank statements, wire transfer requests, withdrawal slips or similar documents pertaining to any account (bank, investment or any other similar depository account) titled, individually or jointly, in the name of Habte Sequar.

**Objection**: No Objection as to Debtor alone but objection asserted as to any third parties. Mr. Sequar is not the debtor. Cap on production prior to four years from petition date.

3. Any and all credit card statements for any charge or credit card in the name of K Street, LLC or Habte Sequar.

**Objection**: No Objection as to Debtor, and objection asserted as to any third parties. Mr. Sequar is not the debtor. Cap on production prior to four years from petition date.

WHEREFORE, the Bankruptcy Court should DENY the C.B. 2004(b) Motion filed by the Bank to Capital Bank to the extent inconsistent with the objections set forth herein and grant such other and further relief as equity and justice may require to be afforded to the Debtor.

I ask for this:

    Respectfully Submitted,
    --------/S/ John D. Burns--------------
    _____
    John D. Burns, Esquire (#464194)
    The Burns LawFirm, LLC
    6303 Ivy Lane; Suite 102
    Greenbelt, Maryland 20770
    (301) 441-8780
    Counsel for Debtor
    info@burnsbankruptcyfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of November, 2022, a copy of the foregoing Response was served via first-class mail, postage prepaid, or by ECF on registered users, or by other means, upon:

**VIA ECF:**
cpalik@mhlawyers.com
Attorneys for WesBanco Bank

Office of the United States Trustee
1725 Duke Street
Suite 650
Alexandria, VA 22314

All ECF Recipients

**VIA MAIL:**
Scot Browning, President
Capital Bank, NA
2275 Research Blvd., Suite 600
Rockville, Maryland 20850

---------------/S/ John D. Burns---------------
_____
John D. Burns