John D. Burns, Esquire
6303 Ivy Lane; STE 102
Greenbelt, MD 20770
301/441/8780
301/441/9472
info@burnsbankruptcyfirm.com

## THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **In re:** | * | |
| **K STREET, LLC** | | Case No.  22-00198-ELG |
| | * | **Chapter 11** |
| **Debtor** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MOTION FOR ENTRY OF ORDER AUTHORIZING THE USE OF CASH COLLATERAL FOR 90 DAYS IN THE ABSENCE OF OBJECTIONS AND GRANTING ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. §§ 361 AND 363 AND <u>SCHEDULING A FINAL HEARING FOLLOWING THE 90 DAY BUDGET</u>

K STREET, LLC (the "Debtor"), debtor and debtor-in-possession, by and through its undersigned counsel, hereby moves the Court for entry of the Order Authorizing The Use of Cash Collateral For 90 Days In The Absence of Objections And Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361 and 363 and Scheduling a Final Hearing Following the 90 Day Budget (the "Motion") and, in support thereof, states as follows:

### JURISDICTION:

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This Motion constitutes a core proceeding pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The Debtor consents to the entry of final Orders by the Bankruptcy Court herein.

### FACTUAL STATEMENT:

1

2. On October 25, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code. The Debtor continues in possession of its properties and the management of its business as a Debtor-in-Possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. The Debtor serves as trustee in this Chapter 11 case. The Debtor is a District of Columbia limited liability company, with its principal place of business located at 1219 K Street, NE; Washington DC 20002 (the "Property") also known colloquially as the "Havana Apartments". The Debtor conducts business from the Property Suite 110 therein. The business is residential leasing.

4. The Property is subject to a Ground Lease with 1219 K Street I, LLC, successor in interest or assignee from Valor 1634, LLC under a Memorandum of Ground Lease Agreement (the "Lease") which commenced June 25, 2018 and continues on through and including June 24, 2117, with a recited right for Debtor to purchase the Property from Lessor, a copy of which Lease is attached hereto as **Exhibit A**.

5. In turn, WesBanco Bank, Inc. (the "Bank") alleges it is a secured lender under a First Deed of Trust Promissory Note dated June 25, 2018 (the "Note"), or at least has financial obligations from the Debtor received by assignment or otherwise from Old Line Bank, and holds a First Leasehold Deed of Trust With Absolute Assignment of Leases and Rents Security Agreement and Fixture Filing (the "DOT"), bearing document stamp #2018063537 recorded 06/26/18. A copy of the Note is attached hereto as **Exhibit B** and a copy of the DOT is attached hereto as **Exhibit C**. The Note and DOT shall be referenced collectively herein as the "Credit Facility."

2. The Note, dated June 25, 2018 recites a principal amount of $6,300,000.00

at 4.75% interest and payments of interest only through June 25, 2020 and thereafter principal and interest through June 25, 2023, which is the maturity date, the latter payment period of which is based upon a twenty-five (25) year amortization assumption.  The Note recites that while the Bank is not obligated to provide refinancing at the maturity date, it is possible that the Bank may be the refinancing lender.  The Note provides the Bank may impose a default rate of up to 5% above the aforementioned contract rate as the default rate on terms and conditions stated therein, and subject to maximum interest rate provisions stated in the Note.  The Note is subject to enforcement under the laws of the District of Columbia.  The Note is subject to enforcement by confession of judgment provisions as a commercial obligation.  There is no monthly set figure stated for recurring principal and interest payments recited under the Note.

       3. The DOT was recorded on June 26, 2018, as a refinancing of a prior deed of trust from 2014 with a maximum sum secured of $6,300,000.00.  As germane hereto, there is an assignment of rents in the Recitals Provision by subparagraph (i) stating that "all proceeds, products, offspring, rents and profits from any of the foregoing including those from sale, exchange, transfer collection, loss, damage, disposition substitution or replacement with any of the foregoing" listed categories of assets in the DOT.  The DOT recites that under 11 U.S.C. § 552(b)(2) that post-petition rents acquired by the Debtor become cash collateral under 11 U.S.C. § 363(a). There is also a commensurate assignment of rents section set forth at Part I; Section 2 of the DOT.

       4. The Bank filed a Complaint for Judicial Foreclosure in the District of Columbia [*Wesbanco Bank, Inc. v. K Street, LLC*] on or about January 21, 2022, where in the Bank alleges an unpaid obligation $6,303,441.67 and denotes the interest rate to be 7.5%.  There

is no monthly set figure stated for principal and interest payments then ongoing under the Complaint.

5. The Bank thus asserts under its Credit Facility that its prepetition liens in collateral recited in the DOT constitute valid, binding, enforceable, and perfected first priority liens in and to that collateral, including rents, issues and profits, and the Bank contends that its prepetition lien or assignment on rents, issues and profits constitutes a lien on post-petition rents, issues and profits pursuant to 11 U.S.C. §§ 363(a) and 552(b) (the "Cash Collateral"). Whether such an automatic conclusion of fact and law is available under DOT without the independent discretion of the Bankruptcy Court by adequate protection determinations is a matter for review.

6. The Debtor has testified by Mr. Sequar that the Property carries in his opinion as the owner of the Property through the Debtor a fair market value of $11,500,000,00[1]. *See* November 1, 2022 Affidavit and Appraisal August 16, 2022 as **Exhibit D**.

7. Accordingly, there is asserted equity in the Property of $5,200,000.00 based on early information of the Bank's foreclosure figure, admittedly about 10 months stale, and the Debtor's Appraisal and belief of value, all of which has no calculation of any subordinate liens yet at this time which is under review. Obviously such subordinate liens, if any exist, would fall behind the Bank's lien.

8. During this case, the Debtor requires the use of Cash Collateral to meet its ordinary and necessary expenses. The Debtor's rents and accounts are property of the Debtor's estate pursuant to Section 541 of the Bankruptcy Code and constitute cash collateral within the meaning of Section 363 of the Bankruptcy Code and may be used by the Debtor only with the consent of the Bank or upon an order of the Bankruptcy Court.

---

[1] Although there were assumed approvals in the value, the "as is" valuation as of July 28, 2022 was $11,280,000.00, a very modest difference from the Debtor's conclusion of value as owner.

9. The Debtor has proposed a ninety-day (90) budget which it attaches hereto as **Exhibit E**. The Debtor and the Bank, by counsel, have had extensive discussions since the Petition Date as to prospective cash collateral usage. There has been one conference with the Lessor of the Property with the Debtor, again by counsel. There exist practical and early issues in this Chapter 11 case involving (i) what the demonstrable occupancy rates are with proof; (ii) the existence of violations from the District of Columbia which are being remedied by the Debtor without the use of cash collateral presently (including rubbish accumulation, a chipping outer wall, and a duct entrance which required a cover and some remediation (the duct cover having been replaced this week)); (iii) questions over suggested junior liens which the Bank and Debtor, by counsel are evaluating further both as to their existence and particulars of such liens.

10. Accordingly, although cash collateral usage is sought initially for ninety (90) days, the needs of the parties may require a shorter period approved and then determinations of how far out within the ninety (90) days can proceed with Bankruptcy Court approval on December 1, 2022. The Budget submitted herewith will likely be altered before the hearing on the Motion on December 1, 2022 to address some of the issues presented in Paragraph 9 hereof.

11. The Debtor has advised that it can proceed for the first month without cash collateral usage until the hearing on December 1, 2022. Thus, the budget which is ninety (90) days is requested at this juncture to be approved in the absence of objections to the Motion. Alternatively, if a party in interest objects then the usage is requested at this juncture for the first thirty (30) days (October, 25, 2022 – November 24, 2022) at the hearing on December 1, 2022 at 10:00am so that funds may be released thereby immediately following the hearing which is noticed hereby in respect of this Motion and the Debtor with any objector can take up usage

5

beyond November 24, 2022 forward through some period or the entirety of the ninety (90) days at the December 1, 2022 hearing.

12. Assuming the Bankruptcy Court approves the ninety (90) day budget, as amended, then the Debtor will request a further hearing be set approximately sixty (60) days out on further cash collateral usage past the initial ninety (90) days and a subsequent budget with a Notice of Hearing and Opportunity to Object will be filed and circulated approximately thirty (30) days from the date of the Order approving this Motion and the initial budget. This will allow hopefully with Consent Orders the continued use of cash collateral after the first ninety (90) days on rolling sixty (60) day submissions until a Plan of Reorganization is confirmed herein.

13. The budget at presently projected contains receipts and income assumptions that increase from the current 61% level to 86% level on occupancy from current 1st month to projected 3d month; namely, from $51,938.00 to $90,997.00 gross receipts. The utilities are projected at usage for the three months (ie; $10,550.00; $9,350.00 and $9,350.00) and do not have any Section 366 deposit factored in which will be resolved in the next few days as a Motion for Utility Deposit Determination will be filed. There is a general maintenance cost built in at $3,000.00 for first month, $1,500.00 second month and $1,500.00 for third month, and the Bank is awaiting details on whom that will be paid to and for what services (ie; also non-insider). There is a small list of contract services which varies from $1,637.00 to $4,137.00 and $4,137.00 for the three months, reflecting largely security costs for the latter two months. There is a carve out for counsel in the latter two months of $3,000.00 per month anticipated pursuant to 11 U.S.C. § 506(c), or by agreement forthcoming with the Bank. A large expense monthly is the lease recurring expense to the Lessor of $31,667.00 for each month, upon which the Debtor has averred it is current pre-petition. There is a management fee which is recurring monthly at

6

$4,083.00 which the Debtor This leaves a cost factor of $51,270.00 and $54,070.00 and $54,070.00 demonstrating an avers is payable to non-insiders and will provide the Bank detail as was requested this week on such expense. Insurance is in place and current payments of $1,833.00 per month are anticipated. This produces overall an expense level that is ordinary and not subject to extraordinary events in the first ninety (90) days. There is NOI of $668.00 for the first month and $16,361.00 for the second month and increasing to $36,927.00 for the third month. The Debtor anticipates (and has been advised by the Bank) that there are D.C. violations on the Property which need be remedied, and the NOI will be paid likely first to those violations and for any necessary remaining issues, and payable in net form thereafter to the Bank as adequate protection pursuant to 11 U.S.C. § 361. Thus, in this Motion any interim adequate protection payments are not fixed to the Bank from NOI. However, this Budget will be amended in all likelihood once the parties have better final facts on the issues in Paragraph 9 that have been under discussion.

   14. The existence of an assignment of rents clause at best is not an absolute assignment or conveyance of the rents, issues or profits at issue but is rather an assignment by security only dependent upon state law. *In re Bethesda Air Rights Ltd. Partnership*, 117 B.R. 202, 212 (Bankr. Md. 1990) ("the court concludes the rents are cash collateral, but that Lender is entitled to adequate protection for their use by Debtor"). However, in the District of Columbia, "the income may be expressly pledged as security for the mortgage debt, with the right in the mortgagee to take possession upon failure by the mortgagor to perform the conditions of the mortgage." *In re 1301 Connecticut Ave. Associates*, 126 B.R. 1, 3 (D. D.C. 1991)

   15. Stated otherwise, "[u]nder the law of the District of Columbia, an

assignment created for security purposes gives rise to an interest that cannot be perfected until the assignee directly or indirectly takes possession of the property." *Hardee v. American Security Trust Company*, 77 F.2d 382 (D.C.Cir. 1935).

16. Accordingly, although the income received by the Debtor here is in the nature of rents, issues and profits or proceeds, these would not be subject to use or possession by the Bank absent a foreclosure on the Property itself, upon which adequate protection is proposed by the Debtor for its usage.

17. Under 11 U.S.C. § 361(1), that adequate protection may exist in the nature of periodic cash payments to the Bank of a portion of the NOI after actual expenses (which may vary on accrual from that projected month to month), and after costs for D.C. Violations or other restorative work that may improve the collateral to the benefit of the Bank and the Debtor and estate alike to the extent there is a decrease in the value of such entity's interest in such property as provided for by that section. The Debtor agrees under 11 U.S.C. § 361(2) to provide replacement liens under 11 U.S.C. § 552(b) restricted to the extent and in the priority held by the Bank prior to the Petition Date to the extent the use of the rents, issues, profits or proceeds results in a decrease in the value of such entity' interest in such property. Thirdly, adequate protection is realized by the restoration work that will be needed for a reasonably prompt sale plan of reorganization herein, creating further value in the Property for the Bank as will result in the realization of indubitable equivalent of the Bank's interest in the Property under 11 U.S.C. § 361(3).

18. Rule 4001 of the Federal Rules of Bankruptcy Procedure provides that the Court may commence a final hearing on a motion for authorization to use cash collateral no earlier than fourteen (14) days after the service of the motion. Rule 4001 further provides that,

upon request, the Court may conduct a preliminary hearing before such fourteen (14) day period expires to authorize the use of cash collateral as is necessary to avoid immediate and irreparable harm to the estate prior to a final hearing.  Although the Debtor reserves the right to seek such an emergency hearing and amended submission for emergency hearing if there is an unforeseen change in circumstances on budgetary matters, at present the Debtor seeks a December 1, 2022 hearing and has submitted the ninety (90) day budget as explained above. Thus, this complies with Fed. R. Bankr. P. 4001.

        19.    Local Rule 4001-2 requires further content recitals; namely, (i) if there is an insider relationship between the debtor and the creditor whose cash collateral is to be used, the nature of the relationship [NO INSIDER RELATIONSHIPL NATURE OF RELATIONSHIP IS BANK AND BORROWER]; (ii) the nature or source of the cash collateral [RENTS, ISSUES, PROFITS OR PROCEEDS]; (iii) a cash flow projection for the period for which authorization is sought that includes both projected revenue and a line-item proposed budget for the use of the funds [SUBMITTED BY EXHIBIT]; (iv) disclosure of a request for approval (interim or final) of any of the following (which will require an extraordinary showing in an interim or emergency order): (A) cross-collateralization [NONE]; (B) roll ups (including (i) provisions deeming prepetition debt to be postpetition debt [NONE]; and (ii) provisions requiring the proceeds of postpetition loans to be used to repay prepetition debt [NONE]); (C) liens on avoidance actions or proceeds of avoidance actions [NONE]; (D) default provisions and remedies (including (i) provisions terminating the automatic stay without further order [NONE], (ii) provisions waiving rights to challenge lenders' ability to exercise post-default remedies [NONE]; and (iii) provisions limiting required proof or altering the burden of proof at post-default hearings [NONE]); (E) releases of claim against lender or others [NONE]; (F) limitations on the use of cash collateral

other than general "carveouts" to pay approved fees and expenses of advisors to official committees or future trustees [NONE]; (G) priming liens [NONE]; and (H) any provision that limits the ability of estate fiduciaries to fulfill their duties under the Bankruptcy Code and applicable law [NONE]. (v) an estimated amount the debtor owes to creditors claiming an interest in cash collateral as of the date the petition was filed, including, if known, any accrued unpaid interest, costs or fees as provided in any pre-petition agreements [JUDGMENT SUM FROM 01/22 INCLUDED; NO PROOF OF CLAIM ON FILE YET]; and (vi) a description of the collateral pledged to secure the claims of creditors claiming an interest in cash collateral [FUTURE RENTS, ISSUES, PROFITS AND PROCEEDS SECURED PRE-PETITION ON A POST-PETITION BASIS GOING FORWARD UNDER 11 U.S.C. § 552(b)].

20. No memorandum accompanies this Motion. The Debtor avers the Motion which exceeds five (5) pages adequately recites the content of Fed. R. Bankr. P. 4001(b)(1)(B).

**WHEREFORE**, the Debtor respectfully requests that the Bankruptcy Court enter an Order: (i) Granting the Motion; (ii) Authorizing the use of cash collateral and/or adequate protection as outlined in the Motion; (iii) adopting and approving the Budget submitted herewith, as it may be amended prior to the hearing; and (iv) Granting such other and further relief as equity and justice may require to the Debtor.

I ask for this:

> Respectfully Submitted,
> --------/S/ John D. Burns--------------
> _____
> John D. Burns, Esquire (#464194)
> The Burns LawFirm, LLC
> 6303 Ivy Lane; Suite 102
> Greenbelt, Maryland 20770
> (301) 441-8780
> Counsel for Debtor
> info@burnsbankruptcyfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of November, 2022, a copy of the foregoing Motion, Exhibits, Notice of Opportunity to Object, and Order was served via first-class mail, postage prepaid, or by ECF on registered users, or by other means, upon:

**SERVICE VIA ECF:**
cpalik@mhlawyers.com
sgoldberg@mhlawyers.com
Attorneys for WesBanco Bank

Jeff Carruth Counsel for K Street I, LLC (Ground Lessor)
**E-mail: jcarruth@wkpz.com**

Office of the United States Trustee
1725 Duke Street
Suite 650
Alexandria, VA 22314

All ECF Recipients

**SERVICE VIA CERTIFIED MAIL (7004(h); 7004(b)(3)):**
Scot Browning, President
Capital Bank, NA
2275 Research Blvd., Suite 600
Rockville, Maryland 20850

**SERVICE VIA FIRST CLASS MAIL (4001):**
Kenneth Welch
910 M Street, NW
Unit 1130
Washington, DC 20001

BBGM/Architects and Interiors, PC
c/o John P. Williams, Esq.
1010 Wisconsin Avenue, NW, Suite 305
Washington, DC 20007

PEPCO
701 9th Street NW
Washington, DC 20068

Republic Services
300 Ritchie Road
Capitol Heights, MD 20743

Chenault Insurance
329 Prince George Street
Laurel, MD 20707

DC Water
1385 Canal Street, NE
Washington, DC 20003

**VIA MAIL (NOTICE OF OPPORTUNITY TO OBJECT/HEARING Rule 2002(a)):**
(And the Attached Matrix of Parties in Interest)

---------------/S/ John D. Burns---------------
_____
John D. Burns