John D. Burns, Esquire
6303 Ivy Lane; STE 102
Greenbelt, MD 20770
301/441/8780
301/441/9472
info@burnsbankruptcyfirm.com

## THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLUMBIA

**In re:**
                                                      *

**K STREET, LLC**                                             Case No. 22-00198-ELG
                                                      *          Chapter 11

    **Debtor**                                                   *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**ORDER GRANTING MOTION FOR ENTRY OF ORDER AUTHORIZING THE USE OF CASH COLLATERAL FOR 90 DAYS AND GRANTING ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. §§ 361 AND 363 AND <u>SCHEDULING A FINAL HEARING FOLLOWING THE 90 DAY BUDGET</u>**

UPON CONSIDERATION OF THE Motion for Order Authorizing The Use of Cash Collateral For 90 Days Or In the Alternative Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361 and 363 and Scheduling a Final Hearing Following the 90 Day Budget (the "Motion"), after notice and a hearing pursuant to 11 U.S.C. § 102(1), in the absence of Objections, and for the reasons stated on the record at the hearing, the Court finding good cause to grant the Motion and finding and concluding that the rents at issue are cash collateral and that adequate protection has been proposed, it is HEREBY

1

ORDERED, that the Motion is GRANTED; and it is further

ORDERED, that in the absence of objections and cause otherwise having been shown, the Debtor is AUTHORIZED to use rents arising from the residential leasing of the Property at 1219 K Street, NE, Washington DC 20002 on the ninety (90) Day Budget filed by Exhibit to the Motion as amended prior to the hearing and make such disbursements as have been set forth therein, including a $3,000.00 per month carve out retainer to counsel for the Debtor in the second month and third month as projected pursuant to 11 U.S.C. § 506(c) such retainers to be held in escrow by counsel pending fee application to this Bankruptcy Court; and it is further

ORDERED, that a preliminary determination based upon the secured liability alleged to be owed to WesBanco Bank, Inc. against the Property, and the Debtor's opinion of value set forth in the Motion, demonstrates that there may be equity sufficient to protect the interest of WesBanco Bank, Inc. in the Property at this time, but that there is the risk of a decrease in such equity cushion in the event the Property were found to be deteriorating in value given condition without upgrades and repairs and other factors that need to be implemented to preserve value as set forth in the amended Budget; and it is further

ORDERED, that further adequate protection to WesBanco Bank, Inc. is provided by the amended Budget supplied prior to the hearing with interim payments per month pursuant to 11 U.S.C. § 361(1) as set forth and described by the amended Budget, and a replacement lien is provided to WesBanco, Inc. only to the extent of the liens it held and was perfected in prior to the petition date under its Deed of Trust submitted as an exhibit to the Bankruptcy Court such that this security interest extends post-petition to such proceeds, products, offspring, or profits acquired by the estate after the commencement of the case to the extent provided by such pre-

petition security agreement and by applicable non-bankruptcy law and under 11 U.S.C. § 361(2), and recognizing that the Debtor's proposed repairs and upgrades to the Property represent the indubitable equivalent of the interests of Wes Banco Bank, Inc. in the Property; and it is further

ORDERED, that Debtor shall set a hearing on the calendar in the ordinary course for approximately 60 days from the date of this Order to address further cash collateral usage as may be required with a further ongoing budget submitted to the Bankruptcy Court and served and circulated with a further Notice of Hearing and Opportunity to Object following 30 days from the entry of this Order for a further hearing as may be necessary or appropriate on extended cash collateral usage; and it is further

ORDERED, that this is an interim Order.

I ask for this:

Respectfully Submitted,
--------/S/ John D. Burns--------------

_____
John D. Burns, Esquire (#464194)
The Burns LawFirm, LLC
6303 Ivy Lane; Suite 102
Greenbelt, Maryland 20770
(301) 441-8780
Counsel for Debtor
info@burnsbankruptcyfirm.com

cc:
John D. Burns, Esquire (#464194)
The Burns LawFirm, LLC
6303 Ivy Lane; Suite 102
Greenbelt, Maryland 20770

cpalik@mhlawyers.com
sgoldberg@mhlawyers.com
Attorneys for WesBanco Bank

Jeff Carruth Counsel for K Street I, LLC (Ground Lessor)
**E-mail: jcarruth@wkpz.com**

3

Office of the United States Trustee
1725 Duke Street
Suite 650
Alexandria, VA 22314

All ECF Recipients

Scot Browning, President
Capital Bank, NA
2275 Research Blvd., Suite 600
Rockville, Maryland 20850

Kenneth Welch
910 M Street, NW
Unit 1130
Washington, DC 20001

BBGM/Architects and Interiors, PC
c/o John P. Williams, Esq.
1010 Wisconsin Avenue, NW, Suite 305
Washington, DC 20007

PEPCO
701 9th Street NW
Washington, DC 20068

Republic Services
300 Ritchie Road
Capitol Heights, MD 20743

Chenault Insurance
329 Prince George Street
Laurel, MD 20707

DC Water
1385 Canal Street, NE
Washington, DC 20003

(And the Attached Matrix of Parties in Interest)

**(END OF ORDER)**