**Nancy L. Alper, Bar No. 411324**
**Senior Assistant Attorney General**
**Office of the Attorney General**
  **for the District of Columbia**
**400 6th Street, N.W., 9th Floor**
**Washington, DC 20001**
**Tel: (202) 724-8122**
**Email: Nancy.alper@dc.gov**

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| **In Re:** | ) | |
| | ) | **Case No. 22-00198-ELG** |
| **K STREET, LLC,** | ) | **(Chapter 11)** |
| | ) | |
| **Debtor.** | ) | |
| | ) | |
| | ) | |
| | ) | |

### DISTRICT OF COLUMBIA'S OBJECTION TO WESBANCO
### BANK'S MOTION FOR RULE 2004 EXAMINATION OF THE DISTRICT OF
### COLUMBIA AND WESBANCO BANK'S SCHEDULE OF DOCUMENTS REQUESTED

**COMES NOW** the District of Columbia ("District"), by and through counsel, the

Office of the Attorney General for the District of Columbia, and files its *Objection to WesBanco*

*Bank's Motion for Rule 2004 Examination of the District of Columbia and WesBanco Bank's*

*Schedule of Document Requested Pursuant to 2004 Examination of the District of Columbia*

(hereinafter "Motion for 2004 Examination").    In support thereof, the District states as follows:

### I. PARTIES

(1) The District, a municipal corporation empowered to sue and be sued, is the local

government for the territory constituting the permanent seat of the United States government.

(2) The District of Columbia Housing Authority (hereinafter "DCHA" or "Authority") is a corporate body and has a legal existence separate and apart from the District government.  D.C. Official Code § 6-202(a).

(3) WesBanco Bank (hereinafter "Bank") is the successor-in-interest of Old Line Bank and is the holder of the Note and the Deed of Trust securing a loan in the amount of $6,300,000 made to Debtor K Street, LLC (hereinafter "Debtor") on or about June 25, 2018.

## II. STATEMENT OF FACTS

(4) Until receiving an email on November 7, 2022, at 3:03 p.m. from the Courtroom Deputy, a copy of which is attached as District Exhibit No. 1, which set forth Zoom information for a hearing scheduled in this matter for November 9, 2022, the District, as represented by Nancy L. Alper, Senior Assistant Attorney General, had no notice or information concerning this matter or that the Bank had filed a Motion for 2004 Examination of the District.

(5) According to the docket in this case, the Bank filed its Motion for 2004 Examination on October 28, 2022.  Docket Entry No. 10.  The Notice of Hearing and Opportunity to Object to Motion to 2004 Examination, which was attached to the Motion for 2004 Examination, provided seven (7) days to respond or November 4, 2022.  Docket Entry No. 10-2.

(6) In its Motion for 2004 Examination, the Bank seeks an Order authorizing it to subpoena the District of Columbia Housing Authority.  *See* Motion for 2004 Examination, Docket Entry No. 10 at 1.

(7) The Bank certified that service upon the District of Columbia was sent by first class mail on October 28, 2022, to the Office of the Attorney General for the District of Columbia.  As of today's date, November 8, 2022, this office has not received a copy of the Bank's Motion for 2004 Examination.

2

## III. ARGUMENT

(8) Pursuant to Rules 7004 and 9014 of the Federal Rules of Bankruptcy Procedure, Fed.

R. Bankr. P. 7004(j)(2) and 9014(b), service upon a state, municipal corporation, or other state-

created governmental organization that is subject to suit must be served by:

> (A) delivering a copy of the summons and of the complaint to its
> chief executive officer; or
> (B) serving a copy of each in the manner prescribed **by that state's
> law** for serving a summons or like process on such a defendant.

Fed. R. Bankr. P. 7004(j)(2) (Emphasis supplied).

(9) Rule 4(j) of the Superior Court Rules of Civil Procedure for the District of Columbia,

Super. Ct. Civ. R. 4(j), provides that "[s]ervice shall be made upon the District of Columbia by

delivering . . . or mailing . . . a copy of the summons, complaint and initial order to the Mayor of

the District of Columbia (or designee) and the Corporation Counsel (a/k/a, the Attorney General)

of the District of Columbia (or designee)."

(10) Rules of service applicable to the District of Columbia Housing Authority

(hereinafter "DCHA" or "Authority"), however, are modified by other provisions of the D.C.

Official Code since DCHA is a statutorily created governmental organization that is completely

independent from the government of the District of Columbia.  As provided by D.C. Official

Code § 6-202(a):

> (a) There is established, as an independent authority of the District
> government, the District of Columbia Housing Authority.  The
> Authority shall be a corporate body, intended, created, and
> empowered to effectuate the purposes stated in this Chapter, and
> **shall have a legal existence separate from the District
> government.**

D.C. Official Code § 6-202(a) (emphasis supplied).

(11) Accordingly, as part of its general powers set forth in D.C. Official Code § 6-203(11), the Authority has the power to sue and be sued.

(12) Concomitant with DCHA's having a separate legal existence from the District government and its authority to sue and be sued, DCHA is not represented by the Attorney General.  As provided by D.C. Official Code § 6-206:

> The Authority shall be represented by its General Counsel and other attorneys, as necessary, and, notwithstanding any other provision of law, **shall not be subject to the oversight of the Corporation Counsel for the District government [Attorney General for the District of Columbia].**

D.C. Official Code § 6-206 (emphasis supplied).  Thus, according to D.C. Official Code § 6-206, the Attorney General for the District of Columbia is not the proper party to be served for service to be accomplished on DCHA.

(13) DCHA requires pursuant to Rule 4(j)(2) of the Superior Court of the District of Columbia (hereinafter "D.C. Superior Court"), D.C. Sup. Ct. Civ. R. 4(j)(2), that execution of service must be made on the DCHA's Executive Director, Brenda Donald.  Rule 4(j)(2) provides in pertinent as follows:

> (2) State or Local Government. A state, municipal corporation, or any other state created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons, complaint, Initial Order, any addendum to that order, and any other order directed by the court to the parties at the time of filing **to its chief executive officer.**

D.C. Sup. Ct. Civ. R. 4(j)(2) (emphasis supplied).

(14) With regard to proper and timely service on the Authority, D.C. Official Code § 6-205 provides:

> Notwithstanding any provision of law to the contrary, the Authority shall be entitled to the same number of days to which the

4

District is entitled, as the same may change from time to time, for
answering any complaint or other process served upon it.

(15)  Accordingly, not only has the Bank failed to provide timely service to DCHA, but

the Bank also has failed to serve the proper party in its Motion for 2004 Examination or make

proper service.

WHEREFORE, the District prays that this Honorable Court deny the Bank's Motion for

2004 Examination and for such for such other and further relief as the Court may deem just.

Date: November 8, 2022.

Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

DAVID FISHER
Deputy Attorney General

_____/s/ William Burk_____
WILLIAM BURK, D.C. Bar No. 325274
Chief, Land Acquisition and Bankruptcy Section

_____/s/ Nancy L. Alper_____
NANCY L. ALPER, D.C. Bar No. 411324
Senior Assistant Attorney General
Land Acquisition and Bankruptcy Section
400 6th Street, N.W., 9th Floor
Washington, D.C.  20001
(202) 724-8122
nancy.alper@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of November, 2022, I caused a copy of the foregoing ***Objection to WesBanco Bank's Motion for Rule 2004 Examination of the District of Columbia and WesBanco Bank's Schedule of Document Requested Pursuant to 2004 Examination of the District of Columbia*** to be filed and served electronically using the Court's ECF System.


                                        /s/ Nancy L. Alper
                              NANCY L. ALPER, D.C. Bar No. 411324